In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

MDL No. 381.

United States District Court, E. D. New York.

Aug. 24, 1982.

## PRETRIAL ORDER NO. 39

GEORGE C. PRATT, Circuit Judge.*

On August 5, 1982, the special master ruled that the depositions of present government employees scheduled after September 1, 1982, be taken in New York, either at LaGuardia Airport, Great Neck, Uniondale, or New York City. He further ordered that the costs of those witnesses' coming to New York, including overnight accommodations, and the expenses of government counsel, be paid by defendants. Counsel for all sides were given 5 days to file a notice of objection and 15 days to appeal the special master's decision.

By letter dated August 10, 1982, counsel for the federal government filed a notice of objection to the special master's ruling. This notice was not received by the court until August 16, 1982. Counsel for defendants, in their brief supporting the special master's ruling, states that defendants did not receive the notice of objection until that date either. Counsel for defendants argues that this fact alone requires the court to affirm the special master's ruling.

An examination of the transcript of August 5, 1982, indicates that the special master told government counsel to instruct both plaintiffs' counsel and defendants' counsel within 5 days if he wished to appeal the order. R. at 1360. The purpose of the appeal procedures established by the court is to facilitate a quick resolution of appeals from the special master's decision. Since counsel for both sides must file their objections simultaneously within 15 days of the date of the ruling, it is essential that all counsel be notified within 5 days if objections are to be filed. While a letter dated

within 5 days may technically fulfill this requirement, in the future parties should, within the 5-day period, give actual notice that objections will be filed, either by telephone with a follow-up letter or by a letter actually delivered. The court assumes that the government did not back-date the notice of objection and that the notice was mailed on August 10, 1982. Accordingly, the court will consider the objection on the merits.

In reaching his decision, the special master considered the expense involved in taking depositions in Washington, D. C., noting that between 12 and 20 people have been going to Washington for depositions thus far. R. at 1361. He concluded that it would be far less expensive for government counsel and government witnesses to travel to New York at defendants' expense. *Id.* In addition, he noted that the government has repeatedly represented to the court that it will cooperate in advancing and assisting the plaintiffs and defendants to process this litigation. Weighing the convenience of government witnesses and counsel against the expense involved in taking depositions in Washington, D. C., and the need to conduct discovery in the most efficient manner possible, he concluded that government witnesses should be deposed in New York at defendants' expense.

The government objects to the special master's ruling on three grounds. Its primary contention is that the special master's ruling is not enforceable because the United States is not a party to the multidistrict litigation and, therefore, can only be compelled to produce witnesses pursuant to the subpoena provisions of FRCP 45(d). It argues that while it has provisionally waived formal process, it can withdraw its waiver at any time.

In pretrial order # 26, the court granted the government's motion to dismiss defendants' third-party complaints. *In re Agent Orange Product Liability Litigation*, 506 F.Supp. 762 (EDNY 1980). Defendants opposed the dismissal in part on the ground that discovery of the government was a

* Of the United States Court of Appeals for the     Second Circuit, sitting by designation...

**194**

large part of the pretrial work and that it could be facilitated if the government was to remain in the case as a party. The court at that time was assured by counsel for the government that if the motion were granted it would, nevertheless, cooperate to the fullest during the discovery period. In accepting counsel's assurances, the court assumed that exactly this type of dispute would be avoided, and the court is disappointed that the government is resisting a direction by the special master that is so obviously reasonable and fair.

In addition, the court notes that the government is still technically a party to this litigation. In pretrial order # 33 the court denied defendants' motion seeking entry of final judgment dismissing the government pursuant to FRCP 54(b). Until such a final judgment is entered, the government is still a party to these actions. Therefore, a technical response to the government's disappointing technical argument that depositions of government employees are bounded by the procedural limitations of Rule 45 is that the government is still a party to these actions for purposes of discovery, and that depositions may be taken of its employees pursuant to FRCP 30. Under these circumstances it was well within the discretion of the special master to designate the place for taking depositions as he did.

In light of this conclusion, it is not necessary to address the government's other two objections to the special master's ruling. However, the court does note that the special master's ruling will serve to expedite discovery, rather than delay it as the government argues. Further, the government has presented no persuasive evidence that the deposition of government witnesses in New York rather than Washington, D. C., will be more expensive in the long run. The special master properly weighed the equities relating to all parties in determining that these depositions should be taken in New York.

For the reasons stated, the special master's ruling with respect to the taking of depositions of government witnesses in New York is affirmed. Of course, there may be circumstances where considerations of fairness, economy and efficiency will indicate a different place of deposition for a particular witness. Those circumstances can be brought to the attention of the special master, and the court is confident that he will wisely rule on them in his sound discretion.

SO ORDERED.